**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                    Cr. No. 20-508 MV

BRANDON JAMES GARCIA,

    Defendant.

**UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION FOR TEMPORARY RELEASE**

The United States of America respectfully files this response opposing Defendant's Motion for Temporary Release (Doc. 24) in which Defendant appeals the Honorable B. Paul Briones' Order that he be detained pending trial, entered February 3, 2020. Doc. 10. The United States requests that upon conducting a *de novo* review of that Order, this Court likewise order that Defendant remain in custody pending his trial, and as grounds therefore states:

1. On January 15, 2020, the United States filed a criminal complaint against Defendant charging him four counts of interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951, one count of attempted Hobby Act robbery, in violation of the same, three counts of using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of being a felon in possession in a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 1.

2. On January 31, 2020, Defendant made his initial appearance before the Honorable Jerry H. Ritter. Doc. 4. On February 3, 2020, Defendant waived his preliminary hearing (Doc. 8), but the parties had a contested detention hearing before the Honorable B. Paul Briones. Doc. 9.

1

Pretrial Services made a recommendation to the Court that Defendant be detained because there was no condition or combination of conditions that would reasonably assure his appearance as required and the safety of the community. The United States argued that Defendant be detained pending trial and noted that because Defendant was charged with multiple counts of violating 18 U.S.C. § 924(c), this case carried with it a presumption that he remain in custody pursuant to 18 U.S.C. § 3142(e). Therefore, it was then and remains still Defendant's burden to rebut that presumption.

3. The Court ordered that Defendant be detained pending trial and in so doing, made a finding that he was a danger to the community and that no conditions of release could be fashioned for his release. Doc. 10.

4. On February 11, 2020, a federal grand jury indicted Defendant on four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, one count of attempted Hobbs Act robbery, in violation of the same, five counts of using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of being a felon in possession in a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 13.

5. Conditions of release must both "reasonably assure the appearance" of the defendant and "the safety of any other person and the community". 18 U.S.C. § 3142(g). In determining whether conditions of release can be fashioned, a court must consider the following factors: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, including ties to the community, employment, financial resources, criminal history, history of alcohol or substance abuse, and record concerning appearance at court proceedings, and (4) the nature and seriousness

of the danger to any person or the community that would be posed by the defendant's release. § 3142(g)(1) – (4).

6. The United States maintains that Defendant is both a serious danger to the community and a flight risk. It reasserts its position that the nature of these offenses – that being four completed armed robberies, and one attempted armed robbery, all by a convicted felon who was not lawfully permitted to possess firearms – is very serious conduct.

7. The weight of the evidence in this case is strong. Surveillance video from each of the five businesses shows Defendant enter the store with a female accomplice and then shows Defendant approach the store clerks and brandish a firearm. In total, Defendant pointed a firearm at eight store clerks from the five businesses. After Defendant was identified as the armed robber in these videos, he was arrested and read his *Miranda* rights before law enforcement interviewed him. In his post-arrest interview, he was shown photographs from the surveillance videos and admitted to the conduct he is now charged with.

8. In regards to Defendant's criminal history, he has a lengthy record that dates back to age 15, and has faced criminal charges *19 times*. As noted at the detention hearing, many of Defendant's prior offenses have a common theme – shoplifting, burglary, larceny, unlawful taking of a motor vehicle – but his conduct has become more violent and severe as the years have gone on. Defendant's criminal history also reflects an unwillingness to follow court orders. The pretrial services report is littered with a number of failures to appear and many instances of probation violations from 2011 thru 2017. In this case, Defendant faces severe minimum and maximum penalties, which give him significant incentive to flee. Based on his lengthy record of violations, the United States believes strongly that Defendant represents a flight risk. Additionally, Defendant does not appear to be gainfully employed and he has a history of substance abuse.

9. In his motion, Defendant offers this Court nothing new to consider that would assure the safety of the community and guarantee his appearance at his trial. Importantly, he has failed to overcome the presumption under § 3142(e)(3) that he remain in custody. Instead, he reasons that because he has asthma, hepatitis C, and has struggled with past heart problems, he is at a higher risk to contract COVID-19, and, therefore these are "compelling reasons" that require he be released. Def.'s Mot. at 2-4.

10. Defendant highlights concerns about incarceration at the Cibola County Correctional Center, including inmates sharing phones and a more broad concern that proper social distancing is not possible within this environment. Def.'s Mot. at 4-6. These concerns have long existed in detention facilities nationwide, and there has always existed the potential for the spread of infectious disease in such facilities.

11. Defendant is presently detained at the Cibola County Correctional Center. The United States notes that as of the date of this filing, the United States Marshals Service has confirmed there is *one* case of COVID-19 in the facility. Even if more inmates at the jail were to be diagnosed with the illness, Defendant presents no evidence that the facility would be incapable of handling those who are sick or effectively controlling the spread of the virus. In fact, the Cibola County Correctional Center has a detailed action plan for managing COVID-19 within the facility. *See* Exh. 1. Defendant does not provide this Court with any evidence that the facility's action plan is insufficient. Further, Defendant offers this Court no evidence that he has requested any sort of medical accommodation while in custody or that he has been denied any medical treatment.

12. The COVID-19 pandemic is not a factor specific to Defendant's case, and while his anxieties are certainly understandable, he offers this Court nothing more than an argument about a generalized risk of an outbreak in conjunction with health concerns that are otherwise

manageable while he is in custody. The argument he presented would essentially apply to every inmate presently in custody who has or has had infirmities.

13. The United States takes the position that the existence of the COVID-19 pandemic in New Mexico is not a compelling reason to release Defendant from custody, especially since he has done nothing to rebut the presumption that he be detained. Nor has he offered this Court anything new to consider that would assure the safety of the community and guarantee his appearance at a trial. If COVID-19 were a compelling reason to release an inmate, every inmate would likely be similarly entitled to release. Further, in light of administrative orders issued by the Chief Judge in response to this pandemic, the United States takes the position that an in-court hearing for this Court to reconsider this issue is also unnecessary.

For these reasons, the United States respectfully requests that this Court order Defendant continue to be detained pending his trial.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    */s/ Jaymie L. Roybal*
    JAYMIE L. ROYBAL
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, N.M. 87103
    (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Devon Fooks, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on
June 17, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney